UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.                          § | Case No.: 1:23-cr-070 (CJN) |
| § | |
| JESSE JAMES RUMSON § | |
| § | |

## SENTENCING MEMORANDUM

Defendant, by and through his undersigned Attorney, files this Sentencing Memorandum. For the reasons set forth herein, the defense requests that this Court sentence Defendant to probation.

### THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

1.  The Court must consider, under 18 U.S.C. §3553(a) the following factors: (a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. Nature and Circumstances of the Offense

2.   Defendant Rumson has consistency expressed deep remorse about being

1

present at January 6th and has stated that the event was a national tragedy.  Defendant Rumson spent nearly 3 hours on the capitol grounds on January 6th.  During that lengthy time, he has been found guilty of committing an assault once, in an interaction that occurred in *less than a* second.  This extremely limited and brief interaction towards the end of the day, sets Defendant Rumson far apart from the hundreds of January 6th defendants who have been found guilty of similar charges, defendants who often committed frequent and sustained interactions with the police on January 6th.

3. Evidence showed that Defendant Rumson stated several times during January 6th that "the police are our brothers," and never verbally advocated using violence against police officers, even when others around him were repeatedly doing so.

4. Defendant Rumson disputes the claims in the Government's Sentencing Memorandum ("GSM") that assert that he expressed no regrets concerning January 6th, as he testified that he wished it never happened and that he regrets being present at all.  He never "boasted" about his role in January 6th.

## B. The History and Characteristics of the Defendant

5. Until January 6th, Defendant Rumson had never been accused of violence in his life.  The events of January 6th were a "one-off" in his life, as he has led a quiet and peaceful life of travel and religious meditation.  Defendant Rumson is engaged to his girlfriend Samantha and looks forward to starting a family soon.  This was the first and last time he has or will ever engage in a riotous crowd again.

6. Defendant Rumson took the stand during trial because it was important to him to explain to the Court that he does not condone violence and regrets the events of that day.

2

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

7.      Defendant Rumson respects law enforcement and testified that he regrets being part of a crowd that caused injuries to police.  A felony conviction in and of itself, in addition to a sentence of probation, would be more than adequate to reflect the seriousness of the crime in this case.  The evidence at trial showed that Defendant Rumson does not have any malice towards police.

### D. The Need for the Sentence to Afford Adequate Deterrence

*General Deterrence*

8.      A long prison sentence for Defendant Rumson would do nothing to create a general deterrence of the public from similar acts such as participating in a riot, because an arrest, conviction, and probation in and of themselves are enough to persuade the public not to engage in similar behavior.  Sentencing Defendant Rumson to prison would do nothing to further a general deterrence that has already been accomplished by the widespread media coverage of more than 1,400+ arrests and prosecutions related to the event.

*Specific Deterrence*

9.      Defendant Rumson has testified that he has been deterred from ever taking part in a riot or unruly crowd again, based on his experience of January 6th and the aftermath.  He has already therefore been specifically deterred from ever repeating his behavior that day.  A prison sentence would do nothing to further his commitment to evade such acts and events.  The criminal procedure process has been the punishment in this case, as Defendant Rumson has lost his job for the publicity he received after

being charged in this case, and he has had a hard time re-focusing his efforts towards more productive ends since January 6th.

**WHEREFORE;** the defendant respectfully requests that this Court grant probation only.

DATED: September 2, 2024.

                                      Respectfully submitted.

                                      /s/ ANTHONY F. SABATINI
                                      FL Bar No. 1018163
                                      anthony@sabatinilegal.com
                                      SABATINI LAW FIRM, P.A.
                                      411 N DONNELLY ST, STE #313
                                      MOUNT DORA, FL 32757
                                      T: (352)-455-2928
                                      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2024, I filed the foregoing using the CM/ECF system which will give electronic notification to all attorneys of record.

                                      /s/ Anthony F. Sabatini