UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JESSE JAMES RUMSON,

*Defendant*.

Criminal Action No. 1:23-cr-070 (CJN)

**ORDER**

Following a bench trial the Court found Defendant Jesse James Rumson guilty of all 8 counts with which he was charged. He has moved for judgment of acquittal, ECF No. 79, and for a new trial, ECF No. 80. Both motions lack merit and are denied for the reasons that follow.

I.   **Rule 29 Motion**

Rumson argues that he must be acquitted of the charges against him under 18 U.S.C. § 111(a)(1) and (b) and 18 U.S.C. § 231(a)(3), because Corporal Ainsworth, the victim of his assault, was employed by the Prince George's County Police Department on January 6, 2021, and therefore was not "a person designated in [] 18 U.S. Code § 1114." . *See* Rule 29 Motion, ECF No. 79 at 1–2. In particular, Rumson argues that the government had to show that "Corporal Ainsworth was officially assisting a *specific* officer as outlined in that section of the law." *Id*. at 1.

But 18 U.S.C. § 1114 does not require the government to prove that the assaulted individual was assisting a specific officer at the time of the assault (or civil disorder). As reflected in the final bench instructions—which Rumson did not challenge on this point— a law enforcement officer for § 111(a)(1) and § 231(a) purposes includes "a person assisting an officer or employee of the United States or of any agency in any branch of the United States

1

Government in the performance of official duties." *See* Final Bench Instructions, ECF No. 78 at 3. Those instructions also provided that "[f]or the Prince George's County Police Department on January 6, 2021, the term 'official duties,' means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas." *Id*. at 2. Corporal Ainsworth was a law enforcement officer within the meaning of those statutes and the government provided evidence beyond a reasonable doubt that he was assisting the U.S. Capitol Police on January 6, 2021 in various ways. That was sufficient to satisfy the relevant statutes.

Rumson also argues that he must be acquitted because "the Count 2 assault charge was used to fulfill the element of Count 1, 18 U.S.C. § 231(a)(3) Civil disorders [*sic*]." *See* Rule 29 Motion, ECF No. 79 at 2. As the Court concluded in its verdict, Rumson violated 18 U.S.C. § 111(a)(1) when he rushed at a police line, grabbed Corporal Ainsworth's face shield and pushed it back, causing the shield to snap back and leading Corporal Ainsworth to hunch over and protect himself. With respect to the 18 U.S.C. § 231(a)(3) charge, in contrast, the Court concluded that Rumson engaged in multiple acts that violated the statute. In addition to his assault on Corporal Ainsworth, Rumson skirmished with police, was handcuffed, encouraged the breaking of windows, and chanted slogans. *See, e.g.*, Transcript, ECF No. 84 at 54:21–55:11. The assault charge was therefore not used to "fulfill the element[s]" of the civil disorder charge.

## II. Rule 33 Motion

As for his Rule 33 motion, Rumson argues that the Court stated in its verdict that Rumson was present on the scaffolding of the inaugural stage when he was, in fact, "not on the scaffolding at the Capitol." *See* Rule 33 Motion, ECF No. 80 at 1. And he contends that the Court stated that Rumson's "approach and presence on and around the scaffolding directly informed its finding of a guilty mens rea for all counts at the time of the incident." *Id*. at 2.

In its verdict, the Court did state that "video and photographic evidence show Rumson scuffling with police, climbing scaffolding, and entering and obstructing the Brumidi Corridor of the U.S. Capitol with a riotous crowd."  *See* Transcript, ECF No. 84 at 68:10–14.  That finding was based on Government Exhibit 408—which showed Rumson wearing a panda headpiece and scaling the railing of Northwest Stairwell to enter through the Parliamentarian Door—as well as the testimony of Special Agent Smith that Rumson had made two attempts to scale the railing.  *See* Transcript, ECF No. 82 at 245:12–20.  The evidence also showed that Rumson entered the Brumidi Corridor, where he scuffled with police and was hand-cuffed, *see id*. at 130:6–131:6, and left "red in the face and eyes," suggesting that in addition to being handcuffed, he was also pepper-sprayed inside.  *See id*. at 250:2–24.  The evidence thus well supports the Court's finding.  And in any event, while the government relied on Rumson's presence on the scaffolding to attempt to demonstrate that he knew Vice President Pence was in the Capitol, *see* Trial Brief, ECF No. 73 at 7–8, the Court found that Rumson knew that Vice President Pence was or would be at the Capitol because Rumson admitted that fact when he testified.  *See* Transcript, ECF No. 83 at 117:7 – 10 (Q:  "So at that point when you went in there, you knew Vice President Mike Pence was going to be running that vote, right?"  A:  "At some point during the day.").

### III.   Conclusion

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Acquittal, ECF No. 79 is **DENIED**; it is

**FURTHER ORDERED** that Defendant's Motion for a New Trial, ECF No. 80, is **DENIED**.

DATE:  September 5, 2024

_____
CARL J. NICHOLS
United States District Judge