UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| *v.* ) | Case No. 1:23-cr-070 (CJN) |
| ) | |
| JESSE JAMES RUMSON ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RECONSIDERATION REQUEST AND REPLY TO GOVERRNMENT OPPOSITION TO CONTINUE SENTENCING

Comes now the Defendant, JESSE JAMES RUMSON, by and through undersigned counsel, and respectfully requests reconsideration of the Minute Order issued November 15, 2024, and submits this Reply to the Government's Response at ECF No. 97. Mr. Rumson requests that the November 22, 2024, sentencing be converted to a remote Zoom status conference to set the sentencing date. He renews his request that a sentencing date be set no earlier than February 2025 given the unforeseeable medical health emergency (ECF No 95). Mr. Rumson provides the following in support:

Mr. Rumson's submitted his Motion to continue sentencing where the requested timeline is reasonable under the circumstances. ECF No. 96 and sealed filing ECF No. 95. The issue remains one of safety and health with no dilatory or delaying purpose. The government submitted its Response on November 14, 2024. Before Mr. Rumson was able to submit a Reply, the Court granted the Government's Response today, November 15, 2024, as the defendant was minutes away from submitting his Reply. The Reply is now a Reply and Request for Reconsideration. Mr. Rumson asks for reconsideration of the sentencing date set for January 6, 2025, since that date places the undersigned's health at risk.

The government's opposition centers around its claims of statements made by Mr. Rumson in early September 2024 about sentencing being postponed. Former President Trump had stated that he would pardon January 6 defendants. At the time Mr. Rumson is said to have made his statements, he was expressing *a wish*, when former President Trump had not won the election and polls showed him losing or tied at best. Undersigned counsel was not even involved in Mr. Rumson's case at the time.

The government claims that hope of a pardon should have no bearing on sentencing. Yet despite the evidence provided by the undersigned that she should not travel before February 2025, the government insists on a January 2025 sentencing date so that it will be prior to Mr. Trump's inauguration. ECF No. 97 at 1. There is no rationale to support the government's proposed dates other than that the government is focused on possible pardons and wants to ensure sentencing before Mr. Trump takes office.

The Court is likely aware that travel during the January 6, 2025 timeline proposed by the government and affirmed by the Court is at the tail end of the New Year high volume period, and when D.C. will be packed. This type travel period is contraindicated by the filing at ECF No. 95. The undersigned can provide further discussion regarding travel hazards to health during either period proposed by the government and particularly for January 6, 2025, if part of the status conference is sealed. As a note, in another case the judge is demanding travel at this very same time and counsel will not be travelling because it is unsafe to her health. She should not travel for a January 6th sentencing.

At no time does the government take the filing at ECF No. 95 into serious consideration, and instead only wants to ensure a sentence prior to President's Trump's inauguration as the 47th President of the United States. The topic of pardons is not at issue here for continuing sentencing.

If that were the case, then the undersigned would have requested a sentencing date in May 2025 or later, understanding the slow speed of government in acting on something deemed "immediate."

ECF No. 95 referred to only "essential travel" in January 2025. "Essential" might be for assisting a family member as a health proxy, or something similar where the time of travel cannot be adjusted. Mr. Rumson's past statements should not be the reason to demand that the undersigned travel and jeopardize health for a January 6, 2025 proceeding when the proceeding can be scheduled weeks thereafter., should the Court want an early February 2025 sentencing.

The undersigned has another sentencing scheduled for February 27, 2025, and it would be gracious of the Court to consider sentencing on the afternoon of February 27, 2025, to reduce travel, both for health exposure purposes and costs to an indigent defendant.

## CONCLUSION

Wherefore, for good cause shown and any reasons the Court sees fit, including the health and safety of the undersigned, where a sentencing date continuance does not prejudice any party, and to seriously consider the health of the undersigned, the Court should issue a Minute Order converting the November 22, 2024, sentencing to a status conference to determine a date in February 2025 for Mr. Rumson's sentencing.

Dated November 15, 2024					Respectfully submitted,

							/s/ *Carolyn A. Stewart*
							Carolyn A. Stewart, D.D.C. Bar No. FL-0098
							Defense Attorney
							Stewart Country Law PA
							1204 Swilley Rd.
							Plant City, FL 33567
							Tel: (813) 659-5178
							Email: Carolstewart_esq@protonmail.com

5

## CERTIFICATE OF SERVICE

I hereby certify on the 15th day of November 2024, a copy of the foregoing was served upon all parties via email since the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.