UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 1:23-cr-70 (CJN) |
| **JESSE JAMES RUMSON,** | |
| Defendant. | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion for Reconsideration. ECF 98. In a motion for reconsideration, "the moving party bears the burden to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States v. Trabelsi*, 2015 WL 5175882 at *2 (*quoting United States v. Hemingway*, 930 F. Supp. 2d 11, 13 (D.D.C. 2013)) (internal quotation marks omitted). This is a heavy burden and the party seeking reconsideration cannot prevail in this burden by "making a second attempt to cite […] facts in support of an argument that has already been rejected on the merits." *Hemingway*, 930 F.Supp.2d at 13. For this reason, a motion for reconsideration cannot "simply [be] an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995); *see also Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) ("Where litigants have once battled for the court's decision, they should neither be required nor, without good reason, permitted, to battle for it again.") (cleaned up). The defendant has presented no new facts and cited no laws to decide any issues that this Court has not already decided and therefore the motion should be denied.

In the motion to continue, the defendant requested the dates of February 27 or 28, 2025,

for sentencing. ECF 96 at 1. In support of this motion for a continuance, his attorney cited her health concerns. *Id.* These health concerns were clarified in an under-seal filing. ECF 95-2. The supporting documentation clearly stated, "In January 2025, [Ms. Stewart] should only travel outside of her medical care area if essential, and for a few short days only." *Id.* Ms. Stewart is representing a defendant who has been convicted of multiple federal felonies and for whom the government is requesting sixty months of incarceration. *See* ECF 87. His in-person sentencing is an essential event. Moreover, this will be a not be a multi-day trial but an hours long hearing, which is consistent with the guidance of her care provider. ECF 95-2 ("[I]f essential, and *for a few short days only*.") (emphasis added). If the Court is inclined at all to revisit its decision, then the government respectfully requests that the Court permit Ms. Stewart to appear by Zoom for the January 6, 2025, sentencing hearing, and require the defendant and a stand-in counsel appear in person. The government further submits that a status conference on November 22, 2024, is not necessary because there is nothing further that needs to be discussed.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov